IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) OMAR MARRERO-CRUZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZALEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRISTOL-MARTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

**O R D E R**

Before the Court is the Motion Requesting Amendment of Count One of the Indictment for Clerical Errors filed by the United States on October 25, 2005 (**docket entry 101**), which none of the defendants opposed. The government seeks to amend Count One of the indictment to eliminate the phrase "to attempt" which appears before the phrase "to possess with intent to distribute," claiming that its inclusion was due to a clerical error and constitutes surplusage.

"It is the exclusive prerogative of the grand jury finally to determine the charges, and once it has done so neither a prosecutor nor a judge can 'change the charging part of an indictment to suit [his or her] own notions of what it ought to have been, or what the grand jury would probably have made it if their attention had been called to suggested changes.'" United States v. Leichtnam, 948 F.2d 370, 375-76 (7th Cir. 1991) (quoting Ex parte Bain, 121 U.S. 1, 10, 7 S.Ct. 781, 786 (1887). While correction of clerical errors and "reading out" of surplusage is permitted, as long as the defendant is not prejudiced thereby, United States v. Aguilar, 756 F.2d 1418, 1423 (9th Cir. 1985), any broadening of an indictment,

...

so that a trial jury is presented with more or different offenses or theories of conviction than charged by the grand jury is fatal. <u>Leichtnam</u>, 948 F.2d at 377. Thus, the Court may only amend an indictment that does not strike any portion of the charging paragraph and does not change the charged offense. <u>United States v. Kegler</u>, 724 F.2d 190, 194 (D.C. Cir. 1983).

Although the government portrays the amendment that it seeks here as "clerical error" and "surplusage," we do not consider it classifies as either. Rather, it constitutes a substantive amendment of the indictment, as it alters the offense charged from its attempt modality, <u>see</u> 21 U.S.C. §846, to the actual offense. Hence, the amendment sought must be obtained from the grand jury, and not the Court. Accordingly, the Motion Requesting Amendment of Count One of the Indictment for Clerical Errors (**docket entry 101**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on November 15, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge