IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) OMAR MARRERO-CRUZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZALEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRISTOL-MARTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

**O R D E R**

The Court reserved its ruling on that part of defendants' Fed.R.Crim.P. 29(a) oral motion which had to do with counts Two, Four, Six, Seven and Nine, charging the offenses of attempt to possess with intent to distribute narcotics on the dates and in the amounts alleged in each count. Defendants' argument is that since the substance that it is alleged they attempted to possess with intent to distribute was sham cocaine, they cannot be convicted of such offenses. In U.S. v. Pennell, 737 F.2d 521, 525 (6th Cir. 1984), the Court concluded that this defense is essentially one of impossibility and that "Congress intended to eliminate the impossibility defense in cases prosecuted under 21 U.S.C. §841(a)(1) and 846." Citing U.S. v. Korn, 557 F.2d 1089, 1091 (5th Cir. 1977), and U.S. v. Everett, 700 F.2d 900, 908 (3rd Cir. 1983), the Court stated that "the purchase of a noncontrolled substance that the defendant subjectively believes to be a controlled substance can constitute an attempt to possess with intent to distribute under §846." The Court also observed that in discharging its burden of proof beyond reasonable doubt the government must prove the defendants' subjective intent to deal with real cocaine by establishing the criminal attempt through proof of objective acts performed

which taken as a whole establish that the defendants subjectively believed the substance to be a controlled substance.

In Everett, at p. 908, the Court held that the "distribution of a noncontrolled substance believed to be a controlled substance . . . constitutes an attempt to distribute a controlled substance."

Regarding the conspiracy count, the parties should note that, likewise, the Court found in U.S. v. Francois, 2002 WL 31819161 (E.D. La. 2002), that "[t]he fact that sham cocaine was used does not affect the validity of the charge against the defendant." It added that "the crime of conspiracy is complete upon the formation of the illegal agreement . . . [and] the fact that the cocaine they thought they were receiving was a fake substance does not affect their intent to obtain the genuine article."

Accordingly, defendants and their attorneys are advised that in closing they cannot argue that the fact that the cocaine was not real but sham indicates that they lacked the intent and the knowledge regarding the offenses charged in Count One, Two, Four, Six, Seven and Nine. In other words, the insufficiency or lack of evidence as to these elements cannot be premised on the fact that the substances were sham cocaine or heroin. Failure to comply with this Order will result in the imposition of sanctions upon the attorneys and would have the effect of the Court interrupting their summation and instructing the jury in accordance with the principles set forth herein.

For the reasons stated, the remaining portions of the Fed.R.Crim.P. 29(a) motions corresponding to Counts Two, Four, Six, Seven and Nine are DENIED.

Finally, the parties should take note of the case of U.S. v. Woodruff, 296 F.3d 1041 (11th Cir. 2002), which rejected their argument[1] that the government presented insufficient evidence that the weapon used was in fact a firearm within the meaning of 18 U.S.C. §921(a)(3). The Court there held that "the government need not show to a scientific certainty that a defendant is carrying a device that carries projectiles by means of an explosive . . . the government need not offer the gun itself into evidence or produce an expert witness to identify

---

[1] This argument was raised during the Fed.R.Crim.P. 29(a) discussion on the weapons charges.

a firearm." It ruled that the government must present sufficient testimony including the testimony of lay witnesses to prove beyond reasonable doubt that defendant used, possessed or carried a firearm for purposes of section 924(c). The Court found the testimony of three of the victims about the weapon and photographic evidence depicting the gun which, contrary to this case, was not in evidence, sufficient to establish that defendant used, possessed or carried a firearm as that term is defined for purposes of section 924(c).

    SO ORDERED.

    At San Juan, Puerto Rico, on March 8, 2006.

                                            S/CARMEN CONSUELO CEREZO
                                            United States District Judge