IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff

vs

1) **OMAR MARRERO-CRUZ**
(Counts 1, 2, 3, 4, 5, 6, 7 and 8)
2) CARLOS OLIVERAS-GONZALEZ
(Counts 1, 2, 3, 4, 5, 6, 7 and 8)
3) SAMUEL BRISTOL-MARTIR
(Counts 1, 6, 7, 8, 9, 10)
4) ALVIN FLORES-BOSQUEZ
(Counts 1, 6, 7, and 8)
5) FRANCISCO SANTIAGO-ALBINO
(Counts 1, 9 and 10)
6) JAMILL AGUILA-BARRIOS
(Counts 1, 2, 3, 4, 5, 6, 7 and 8)
Defendants

CRIMINAL 05-0235CCC

**O R D E R**

    Before the Court is defendant Omar Marrero-Cruz' Motion to Dismiss for Due Process Violations and/or Sixth Amendment Violation (**docket entry 251**) filed on April 5, 2006 in which movant claims, as he does at paragraph 7 of his Motion for New Trial (**docket entry 260**), that there were speedy trial violations stemming from delays during trial and jury deliberation. As the following data will bear out, these contentions lack any merit.

    This case started with jury selection, within speedy rial constraints, on Tuesday, February 14, 2006. The first two full days of trial[1] were February 15 and February 16, 2006. On Friday, February 17, 2006 the Court continued with the ongoing trial of <u>Wanda Ivette Ortega-Ortiz v. Farmacias Carimas</u>, Civil 03-1758. February 20, 2006, Monday, was President's Day. The trial was resumed on Tuesday, February 21, 2006 and continued that week on Wednesday, February 22 and Friday, February 24, 2006. On February 23, 2006 the Court

---

[1] All the sessions were full work days throughout the trial.

had to recess in this case due to the further jury trial scheduled in <u>United States v. Robinson Tejada</u>, Cr. 05-0245; where the jury was deliberating on criminal forfeiture allegations.  After the weekend, the sixth day of trial was held in this case on Tuesday, February 28, 2006.  On Wednesday and Thursday, March 1 and 2, 2006, the Court selected the jury and held the first two full days of trial in <u>United States v. José Lugo-Guerrero</u>, Cr. 05-0047, an armed bank robbery case that lasted six days.  On Friday of that same week, March 3, 2006, trial resumed in this case.  Since time had to be shared with Cr. 05-0047, further jury trial continued in that case on March 7 and 8, 2006.  On Monday, March 6, 2006 no session was held in the <u>Omar Marrero-Cruz</u> case since Jorge L. Armenteros, counsel for defendant Santiago-Albino had case 04-2062, <u>United States v. Roy Pizarro-Berríos</u>, scheduled for oral argument on that day at 9:30 AM before the First Circuit and the Court was considering the four (4) Rule 29 motions made after conclusion of the government's case in chief.  Ruling had been reserved on that part of the defendant's oral Rule 29(a) motion which had to do with Counts 2, 4, 6, 7 and 9.  On March 8, 2006 the Court issued its ruling with statement of reasons (<u>see</u> docket entry 200). The next day, Thursday, March 9, 2006, the eighth day of trial was held in this case and resumed on March 15, 2006 when the government rested on rebuttal.  No session was held on Friday, March 10, 2006 to allow defense attorneys, upon their request, to attend a CJA seminar, nor on Monday, March 13, 2006 because a juror had a summons to appear in court (<u>see</u> juror note in record).  On March 14 and March 16, 2006 the Court held the final two sessions in Cr. 05-0047, the jury trial which had started on March 1, 2006.  Between those two dates, further jury trial was held in this case on March 15, 2006.  Since all of the evidence had been presented by then, the Court worked on Thursday and Friday, March 16 and March 17, 2006, on its forty-page proposed jury charge.

   The following Monday, March 20, 2006 informal and formal charge conferences were held, followed by all day closing arguments the next day, Tuesday, March 21, 2006.  On March 22, 2006 the case was continued, without objection, because a juror had a medical appointment.  The jury received instructions on Thursday, March 23, 2006 and started deliberating that same afternoon.  On the second day of deliberations, Friday, March 24, 2006 the foreman reported an incident, via a written communication that is part of the record, regarding a juror who had done outside research in the internet on three legal terms.

CRIMINAL 05-0235CCC                              3

Individualized voir dire of the foreman and two jurors was conducted that same day regarding this incident.  Movant and all the other parties agreed that there was no need to conduct voir dire of the remaining jurors on this specific matter.  Also discussed in chambers that day was an incident that occurred that morning between a deputy U.S. Marshal and defendant Santiago-Abino's spouse, as well as a newspaper article published in <u>El Nuevo Día</u> on March 24, 2006 regarding the unrelated arrests of other policemen on similar charges which listed in a chart the names of the four defendants in this case.  Individualized voir dire was held as to that newspaper article.  The parties were granted time to file written motions regarding these matters.  On Wednesday, March 29, 2006 defendant Brístol-Mártir filed a Motion for Mistrial (docket entry 230) and on March 31, 2006 he filed an Objection to Recharging the Jury (docket entry 234).  Defendant Oliveras also requested a mistrial and objected the recharging of the jury on April 4, 2006 (docket entry 235).  Movant filed the present motion and a sealed motion (docket entry 238) on April 3, 2006 and defendant Santiago-Albino requested a mistrial on April 3, 2006 (docket entry 236).  The government responded to all of these motions on April 3, 2006 (docket entry 239).  The motions for mistrial were all denied on April 4,2006 (docket entry 242) and the trial resumed that same day at 10:00 AM.  The jury trial was not resumed earlier due to the outside research and spouse incidents that were briefed and because a juror had medical appointments on March 27, March 29 and April 3, 2006, all of which were previously known to the parties and acquiesced to.

     Sealed orders were issued on March 27,2006 (docket entry 227) (regarding the incident of Santiago-Albino's spouse) and on March 29, 2006 (docket entry 232) (regarding the research material conducted by the juror and the Court's re-instructing the jury on Counts 2, 4, 6, 7 and 9).  The parties were granted until April 3, 2006 to raise objections to the proposed amended instruction on these counts.

     On April 4, 2006 the amended instruction was read to the jury; they were reminded that they were to consider all of the Court's instructions as a whole, not to ignore any instruction and that they had to consider the evidence as to each defendant and each charge separately.  Deliberations started anew with the two alternates as part of the regular jury since at the March 24, 2006 in-chambers conference all parties had agreed that the juror who improperly brought the research material and the juror who had an award trip to France the

next day should be excused.  The Court explained to the newly constituted jury that they re-started deliberation on a clean slate as if it were day one.

During the trial period of February 14 through April 4, 2006 the following motions were considered and corresponding orders issued:

| Docket Entry | Motions Submitted | Date filed | Ruling |
|---|---|---|---|
| 162 | Joint Motion to Dismiss | 2/14/06 | Denied, 2/15/06 (d.e. 167) |
| 163 | Motion in Limine by Omar Marrero Re: Evidence | 2/14/06 | Denied, endorsed order 2/15/06 |
| 164 | Motion for Grand Jury Transcript by Omar Marrero | 2/14/06 | Denied, endorsed order 2/15/06 |
| 168 | Motion for Reconsideration of Denial of Jencks Material by Francisco Santiago | 2/16/06 | Denied, endorsed order 2/16/06 |
| 181 | Motion in Limine for Elimination of Names from Transcripts by Francisco Santiago | 2/24/06 | Granted, endorsed order 2/24/06 |
| 186/187 | Sealed Motions by U.S.A. | 3/2/06 | Endorsed order 3/3/06 |
| 188 | Motion to Quash Subpoena by U.S.A. (Court ordered defendants to respond by 3/6/06) | 3/3/06 | Granted, 3/14/06 (d.e. 211) |
| 196 | Response in Opposition by S. Brístol) | 3/6/06 | Granted, 3/14/06 (d.e. 211) |
| 197 | Motion informing defendant Carlos Oliveras' condition | 3/6/06 | Noted, 3/8/06 (d.e. 198) |
| 199 | Order ruling that all co-conspirators' Statements submitted in evidence are admissible. | 3/8/06 | |
| 200 | Order denying remaining portion of Rule 29 Motion | 3/8/06 | |
| 206 | Motion to sever defendant by Samuel Brístol | 3/12/06 | Denied, 3/14/06 (d.e. 213) |
| 204 | Proposed Jury Instructions by Carlos Oliveras | 3/9/06 | Granted as to Francisco Santiago Albino, 3/21/06 (d.e. 219) |
| 207 | Proposed Jury Instructions | 3/13/06 | |
| 227 | Sealed Order | 3/27/06 | |
| 228 | Sealed Order | 3/27/06 | |
| 230 | Renewed Motion for Mistrial by Samuel Brístol | 3/29/06 | Denied, 4/4/06 (d.e. 242) |

| | | | |
|---|---|---|---|
| 232 | Sealed Order | 3/29/06 | |
| 234 | Response to Court Order by Samuel Brístol | 3/31/06 | Denied, 4/4/06 (d.e. 242) |
| 235 | Response to Court order by by Carlos Oliveras | 4/03/06 | Denied, 4/4/06 (d.e. 242) |
| 236 | Response to Court Order by Francisco Santiago (joinder) | 4/03/06 | Denied, 4/4/06 (d.e. 242) |
| 238 | Response to Court Order by Omar Marrero (Sealed) | 4/03/06 | Denied, 4/4/06 (d.e. 242) |

Having considered all of the circumstances and factors relevant to defendants' speedy trial rights, the Court concludes that: (1) the trial was commenced within speedy trial constraints, (2) the trial process flowed without interruption, except for those brief instances in which the Court had to conduct proceedings in two other criminal cases, Cr. 05-0245 and Cr. 05-0047, simultaneously being tried, jurors' absences consented by the parties, defense attorneys' CJA seminar attendance and attorney Armentero's appearance before the First Circuit on March 6, 2006, and, (3) the six-work-day interruption during deliberations, to wit, March 27 through 31 and April 3, 2006, caused both by the juror's research issue and defendants' subsequent motions expressing their views and by three medical appointments previously notified by a juror was not only reasonable but necessary. The research situation, which was in fact reduced to a four-work day interruption, given that one of the jurors could not have been present anyway March 27, March 29 and April 3, 2006, was immediately corrected by removing the juror and by re-instructing the jury newly constituted precisely on the particular counts as to which the substituted juror had brought outside information regarding the definition of three legal terms. It should be noted that the two alternate jurors who became part of the deliberative process on April 4, 2006 were not privy to such information and that the three jurors who were interviewed in chambers all said that the outside research materials were shared with them for just two or three minutes, not the one hour that movant contends. It is also significant to note that the outside research which the substituted juror read to the others was favorable to defendants. (See March 29, 2006 Order, docket entry 232.)

The trial chronology reflects that there was no delay during this trial; the defendant's motion voices concerns which are based on pure speculation. At page 3 of his motion he states:

> Defendant's concern and allegation as to the violation of his speedy trial rights is that the jury by now has done one of the three acts that affect the purity of the jury deliberations: 1 - they had (sic) forgotten all testimonial evidence; 2 - they have spoken with others (family, friends, at work, at home) regarding the facts of this case; or, 3- they have researched their own doubts in the case from extraneous sources.

There is absolutely no factual basis for these charges aimed at a jury which has been fully attentive to the evidence and responsive throughout the entire trial. These jurors have been repeatedly told not to discuss the case with anyone, not to consider any media reports and not to do any research or investigation on their own. The fact that one juror out of zeal violated the Court's instructions and conducted outside research does not mean that the remaining jurors, including the two alternates who joined the panel, have engaged in any of the irresponsible conduct that movant now attributes to them. These imputations are based on mere conjecture in what seems to be an attempt to take undue advantage.

Finally, we must address movant's claim that the Court has not undertaken a proper inquiry regarding tainting of the jury (motion at p. 3). Suffice it to state that movant agreed, together with the rest of the parties, during the March 24, 2006 in-chambers conference that there was no need to conduct further voir dire beyond the three jurors interviewed since all parties understood, and so declared it for the record, that they had provided sufficient information on the matter. This notwithstanding, on the eve of trial, defendant chose to present a sealed motion (docket entry 238) requesting that the Court conduct a new voir dire of the new jury that had been constituted since March 24, 2006 and submitting six questions for this purpose.

No court can guarantee a perfect trial, however, movant's and co-defendants' right to a speedy and a fair trial has been preserved. For the reasons stated, defendant Omar Marrero-Cruz' Motion to Dismiss filed on April 5, 2006 (**docket entry 251**), joined by defendants Oliveras and Santiago-Albino (**docket entries 257 and 258**) based on alleged speedy trial violations is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on April 11, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge