IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>1) OMAR MARRERO-CRUZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZÁLEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRÍSTOL-MÁRTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

**O R D E R**

The Court held the sentencing hearings of defendants Omar Marrero-Cruz, Carlos Oliveras-González and Samuel Brístol-Mártir on November 3, 2006. During allocution, defendants' counsels repeatedly invoked the Court's discretion and sense of justice. The Court feels constrained to remind defense attorneys that given the sentencing options available their requests were totally unfounded.

Defendants Marrero-Cruz and Oliveras-González were convicted in three weapons counts, and defendant Brístol-Mártir in two weapons counts. All three defendants were also convicted in various counts charging drug trafficking offenses. Pursuant to the statutory penalties for these offenses, the Court was bound to impose <u>mandatory fixed consecutive</u> imprisonment terms of 55 years to defendants Marrero-Cruz and Oliveras-González and of 30 years to defendant Brístol-Mártir on the weapons counts.[1] Their advisory Guidelines sentencing ranges for the drug trafficking offenses, in turn, were from 360 months to life as to defendant Marrero-Cruz and from 292 to 365 months as to defendants Oliveras-González and Brístol-

---

[1] See 18 U.S.C. §§924(c)(1)(A)(i) and (C)(i).

Mártir, although the Court granted a variance from the applicable guideline sentencing ranges to the mandatory minimum term of 120 months due to the severity of the sentences on the weapons charges.

Considering that the reality of the severe statutory penalties was known to all three defense attorneys--Víctor González-Bothwell, Lydia Lizarríbar and Lorenzo J. Palomares--they are admonished that should they repeat before this Court in the future these deceptive arguments, which serve only to confuse their clients' understandings of their sentencing situation, they will be sanctioned by the Court.

Also misleading was the argument made by Mr. Palomares based on U.S.S.G §5G1.2. As said guideline specifically provides in its subsection (a), when sentence is to be imposed on a count for which the statute specifies a term of imprisonment and requires that such term be imposed to run consecutively to any other term of imprisonment, as was the situation with the weapons counts in this case, the sentence is determined by that statute and imposed on each count independently of the guideline sentence on any other count. <u>See also</u> Application Note 2 to U.S.S.G. §5G1.2. Reliance by Mr. Palomares on other subsections of that same guideline section, which were factually inapplicable, was equally deceptive and confusing and will also be sanctioned by the Court if it is repeated in the future.

SO ORDERED.

At San Juan, Puerto Rico, on November 7, 2006.

S/CARMEN CONSUELO CEREZO
United States District Judge