IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br>vs<br>**1) OMAR MARRERO-CRUZ**<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>2) CARLOS OLIVERAS-GONZALEZ<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>3) SAMUEL BRISTOL-MARTIR<br>(Counts 1, 6, 7, 8, 9, 10)<br>4) ALVIN FLORES-BOSQUEZ<br>(Counts 1, 6, 7, and 8)<br>5) FRANCISCO SANTIAGO-ALBINO<br>(Counts 1, 9 and 10)<br>6) JAMILL AGUILA-BARRIOS<br>(Counts 1, 2, 3, 4, 5, 6, 7 and 8)<br>Defendants | CRIMINAL 05-0235CCC |

# O R D E R

Defendant Omar Marrero-Cruz, who was sentenced on August 25, 2010 to serve a term of imprisonment of 195 months after pleading guilty to Counts One and Three of the Superseding Indictment (docket entry 132) following a remand for a new trial, filed on August 27, 2010 a Motion To Reconsider §3B1.1(a) Enhancement (**docket entry 538**). In brief, defendant in said Motion asks the Court to revisit its finding that defendant's leadership role warrants a four-point upward enhancement to his base offense level under U.S.S.G. §3B1.1(a).[1] In support, defendant claims that at his original sentencing only a two-point upward adjustment for his supervisory role was applied under U.S.S.G. §3B1.1(c), and argues that given the scope of the criminal activity required to impose the harsher enhancement--that it "involved five or more participants or was otherwise extensive"--it is inapplicable to him. While he recognizes that the offense involved a total of six

---

[1] U.S.S.G. §3B1.1(a) provides: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase by 4 levels."

CRIMINAL 05-0235CCC                            2

coconspirators, defendant avers that "there were only four (4) defendants that could have been lead by [him]." Motion, at p. 4. Thus, he concludes, "the magic number of 5 cannot be reached." Id.

Defendant's motion is flawed in many respects. For one thing, his whole argument during sentencing and now post-sentencing seeks to defeat the stipulation he reached with the government as part of his Plea Agreement that called precisely for application of the four-point upward adjustment under §3B1.1(a). See Plea Agreement (docket entry 441), at p. 4, ¶ 7(b).

That notwithstanding, all elements necessary for the application of the adjustment are present in this case. As defendant correctly recognizes in the motion, "[i]n order to invoke §3B1.1(a), a district court must make a finding as to scope--that the criminal activity involved five or more participants or was otherwise extensive--and a finding as to status--that the defendant acted as an organizer and leader of the criminal activity." United States v. Arbour, 559 F. 3d 50, 53 (1st Cir. 2009) (citing United States v. Tejada-Beltrán, 50 F.3d 105, 111 (1st Cir. 1995). The trial evidence abundantly established both prongs, and it is telling that defendant has admitted that much. As to status, although defendant now attempts to downplay his role in the offense (see Motion, at ¶ 8), the Statement of Facts which accompanied his Plea Agreement and was expressly adopted by him (see Plea Agreement, at p. 7, ¶ 12) is conclusive: "Defendant Omar Marrero-Cruz acted as one of the leaders for the organization. As a leader the defendant would supervise other members of the organization and would recruit other police officers to give protection to the narcotics." (Emphasis ours.) As to scope, it has been repeatedly held that while the overall criminal activity must involve five or more participants or be otherwise extensive, defendant needs only to have led or organized one criminal participant, besides himself, to qualify as a leader or organizer under §3B1.1(a). United States v. Arbour, 559 F.3d at 56-57. Thus, defendant is mistaken when he alleges that he must have led or organized at least four others in order to qualify for the §3B1.1(a) enhancement. Since the offense involved at least five participants, a fact established beyond peradventure by the trial evidence and which defendant has recognized in the Motion, and he led at least one of those participants, as reflected by the Statement of Facts admitted by him as part of his Plea Agreement, all the

required elements for the application of §3B1.1(a) are present here. Accordingly, the enhancement was correctly applied to defendant Marrero-Cruz during his sentencing and, consequently, his Motion To Reconsider §3B1.1(a) Enhancement (**docket entry 538**) is hereby DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on September 28, 2010.

S/CARMEN CONSUELO CEREZO
United States District Judge